Oral arguments will follow as we look at four of the functions. 15 minutes will be shared by you. This case arises from an assault and battery against a firefighter and his superior. The case originally was filed in 2011. The plaintiff filed a motion against the City of Memphis and against the individual in his individual capacity as well as his capacity as a city employee. It started out in circuit court. The defendants moved it to federal court. Once the plaintiff filed a motion, a request for leave to amend and add a section 1981 claim. As soon as they were moved, they filed a motion to dismiss because 1981 does not apply to the city. The plaintiff conceded to that and at the same time had a motion pending for remand to the state court. The plaintiff did not respond to their motion to dismiss on the theory that the section 1981 claim did not apply to the city because they agreed with it. The plaintiff was absent of the 1983 component. Since the plaintiff was intending to have the case moved back to state court, he did not request leave to amend to add a section 1983 claim. He was anticipating that the court would dismiss it on his factual allegations of a section 1981 claim which was not applicable to the city. Unfortunately, the court inferred a 1983 claim based on the defendants arguments that an alternative argument that was not played in the plaintiff's complaint and kind of established that since it was a 1981-3 claim or it could be a 1981-3 claim, he added that civil rights are immune. Civil rights claims against the city are immune and a negligent claim would fall under the civil rights domain of the immunity statute. Let me ask you this. I assume you agreed that you needed to plead some sort of adverse employment action and it seems that the adverse employment action you alleged was your client's failure to accept overtime. I'm just wondering why you didn't amend your complaint or submit complaint allegations with some other more assertive allegation of an adverse employment action, such as your client being assaulted or a hostile work environment or something along those lines. Do you think you could prevail here just based on your client not accepting overtime? No, Your Honor. Just a little bit more background. Since the complaint was filed in circuit court and once the plaintiff realized that that was not really an actionable employment adverse, he never filed the amended complaint as the court allowed him to because he was going to withdraw the complaint or that section. Prior to him taking any steps to withdraw the amended complaint, the defendants moved it to federal court. They moved it to federal court within four days and filed a motion for dismissal within eight days. The plaintiff had already, prior to the removal, established the fact that he did not meet the employment discrimination in the terms of employment because there was no adverse action taken against him that would be actionable under law. He never intended to add a section 1883 claim. His intent was to withdraw the section 1881 claim, but they moved it within days of the court allowing him to amend it. It was never filed. He never actually filed his amended complaint with the circuit court. What the defendants did is that, oh, under federal law, if you can remove it in 30 days, once the court orders it to be amended, we can remove it. And that's what they did. It was never actually filed. The amended complaint was never filed in circuit court. They moved it to federal court, and then everything ensued from that point. The plaintiff never intended to add a section 1883 claim to which, if he had, would have been applicable to the city. And so when the court inferred the section 1883 claim, even though he did not request to amend his complaint to add a section 1883, even though it was not pled, it's the plaintiff's position or the appellant at this point's position that Rule 12b-6 was not properly adhered to by the court because by inferring a section 1883 claim and allowing the city to get out of the lawsuit, what the court did was, in the plaintiff's position, what the court did is violate the principles and laws of 12b-6 because 12b-6 said that the complaint should be viewed in the light most favorable to the plaintiff. The light most favorable to the plaintiff would have been just dismissed on his face under the section 1981 claim not being applicable to the city. Additionally, the plaintiff's Rule 8f also indicates that when you're looking at a complaint, it should be in the view of substantial justice. We don't believe that substantial justice... Well, let me ask you this. What are the essential complaint allegations that would permit you to maintain this claim in federal court that should have precluded the dismissal of the lawsuit? I guess it was dismissed wholly or in part based upon this Tennessee statute that bars civil rights claims or provides immunity to the governmental entity, but in connection with your allegations of negligence in training and supervision. But what are the complaint allegations that you have that you think should permit you to go forward with your suit? You mean against the city? Yes, or against whomever you're suing. Well, we're suing the city and the individual we actually went forward in trial with. The city was dismissed prior to trial. Well, the city... But that was the assault claim that was tried, and your client lost that. Yes, Your Honor. Okay, so the remaining lawsuit, what are the complaint allegations that should permit you to go forward that you filed there? Well, the other issue we believe the court erred in is that the court excluded some, what we can see, some very egregious conduct on the part of defendants that ultimately prejudiced the plaintiff at trial. This is his habit of sort of assaultive or aggressive behavior? Well, that too, Your Honor, because it went to the substantive factor of imminent fear. But additionally... Am I right to read that before the district court counsel, I don't know if you were trial counsel, withdrew, advised the court that they were not pursuing the evidence of aggressive behavior under 404B? Right. That's correct? District court, yes. The district court ruled on three evidentiary rules that we believe were crucial and detrimental to the client's trial. Okay. I was suggesting, I thought I read that it was withdrawn, that on your part, on your client's. No, it was not withdrawn. No, Your Honor, I'm sorry. I didn't understand. Okay. No, it was not withdrawn. We objected to the fact that the district court granted the defendant's motion to exclude testimony regarding the city's representation of the fact witnesses during the deposition, during the discovery process. That part, I got that, yes. And we also objected to the fact that the city excluded the red line statements. We figured, our position was the red line statements were admissible. They were admissible under 803 and 807. And that they were more, because we had previously went through deposition and understood that the witnesses had been prepped and our estimation, their testimony had been tampered with, we anticipated they would be waiving, diluting their testimony at trial. As did the defendants, because they filed a motion to exclude their red line statements, which would give a more accurate view of what their testimony was at the time of the incident. Because the file department was investigated, that was part of their investigative process to require all the witnesses to submit red line statements. Right after the incident. Exactly, immediately after the incident. We believe that the coaching of these witnesses was highly improper, very unethical. When I went through deposition, Mr. Chambers, which was representing the city, which was at that point out of the lawsuit, and prior to any appeal being filed, notified that he was going to be representing the fact witnesses. We tried to do a temporary restraining order because it was highly improper. He was an employee of the city. The city had no interest at that point. If they were anticipating an appeal, their interest was limited to a backseat at the deposition to observe, not to call the witnesses, the fact witnesses, down to city hall and interrogate them, give them red lines of all the other witnesses, give them partial statements of complaints and stuff. Preparation versus coaching, you're thinking. No, it was definitely coaching, Your Honor, because first off, he had no right to prepare them because he wasn't their legal counsel. The first thing in deposition I asked them was, did they hire Mr. Chambers? They said no. They were frankly surprised that he was holding himself out to be their lawyer. They thought he was there on behalf of the city. They did not know that the city was no longer in the lawsuit. So they were misleading the witnesses as to their presence there. And so they certainly did not think that they were there for them. So, you know, to use his authority as a city attorney under the power and control over these city employees was highly improper. And to take them through a prep deposition whereby they are reading other witnesses' statements, reading selected parts from the complaint, suggesting some kind of unethical behavior on the part of the plaintiff to them, I think was highly improper. And it came out in trial because the red lines was very precise, very clear as to what their emotions, what they saw, what was going on in trial. They were waving. They were humming. They had some selective memory loss. And it goes to the credibility of the witnesses. So it was our position that the jury at least had a right to know why they were behaving the way they were, because part of the jury's duty is to know facts that might interfere with the truthfulness and the credibility of the witnesses. The judge obviously did not agree with us, and he allowed the testimony not to be admitted into evidence. We could not tell the jury why these witnesses were now, you know, being so evasive on staying about their prior testimony. Had the jury been able to see those red lines and know that the city had forced its representation over these witnesses and brought them into an environment? Will you remind me, counsel, the court's rationale for excluding those red lines? They said they were hearsay. They said they were hearsay, but we cited several, my time is up, several exceptions to that that would have allowed those red lines to come in under Rule 308, 803, and 807. My time is up. Good morning, Your Honors. Prince Chambliss of the Memphis Bar for the defendant's city of Memphis. I would like to reserve 13 minutes for Mr. Rudolph, who represents the individual defendant. I'm only going to take two minutes. As the court knows, the city's motion to dismiss was granted, and we think that the trial judge properly granted it because the plaintiff failed to state a claim. The complaint, the amended complaint, was filed under Section 1981, and of course Section 1981 doesn't apply to the city. And he construed it as a 1983 cause of action, but she failed to allege any employment adverse action, and she didn't show any public policy or any practice of the city that would warrant any claim for employment discrimination. And as to the tort claim, the court cited the case of Hughes v. Metro Government of Nashville and Davidson County for the fact that she was required to show some negligence on the part of the city, negligent supervision. A none was shown, a none was pled, and so judgment was properly entered on the motion to dismiss for the city. Do you, Mr. Chanellis, that counsel's targeting in the preparation? Yes, it is, Your Honor, and there is no question that the city— Were you actually there—I mean, it came—she tells us that it came as a surprise to them that you were claiming to be their counsel that day. Your Honor— That you sat there as if you were. Had they been—had you been hired? The city attorney's office in Memphis acts as counsel for all city employees who are subject to subpoena or court process to provide testimony. It has come to the attention of the city that its employees, if allowed on their own, did not know how to respond to subpoenas, did not know how to report to court as required, and the city has actively taken an interest in counseling with its employees with respect to court process to make sure that they appear for depositions, to make sure that documents are produced, and to make sure that they know what to do at a deposition or in a court proceeding. I have a lot of other things that I would much prefer to be doing, but I spend a lot of time going to depositions and to court proceedings with city employees when they are testifying in their official capacity as employees. It just so happens that I was representing the city in this case, but there are hundreds of depositions and court appearances where I have appeared, and when I'm dealing with these employees who are not sophisticated, all I'm concerned about is that they know they should testify truthfully and that they know what the rules are, and I'm there to provide counsel to them as needed. I don't try to go through the steps of trying to form a relationship with them. I tell them I'm employed by the city to make sure that they know how to deal with testimony. The argument is that there was a lot more than just tell the truth, right? I have a character and a reputation in Memphis such that I don't think anyone would believe that I would do anything other than what should properly be done, and I'm not accustomed to trying to defend myself under these situations. I would seek counsel rather than try to do it. All I can say is that I've had a license to practice for more than 40 years. You had a chance to answer. That's why I needed to hear what you wanted to say. I'm a past president of the Memphis Bar Association. I've served 19 years on the Tennessee Board of Law Examiners. I wouldn't do anything but what should properly be done. Thank you. If there are no questions. All right. Thank you. Thank you, Your Honors. May it please the Court, I'm David Rudolph. I represent the Appellee Defendant Fire Chief Mark Forrest. This is an appeal from a defense jury verdict for an alleged racially motivated assault involving two current firefighters with the city of Memphis. In addressing the issue, the jury tried the assault claim. They were out less than an hour and found it in favor of my client. The issues that are raised on appeal are, in our view, completely without merit. And I can address the issues. Would you address the counsel's argument that the red line statements that she had, she proffered exceptions to the hearsay rule that she hoped the court would agree with to enter those. Can you remind me what exceptions and why they didn't? Those are in the record. I moved in limine. Those are red lines. They're unsworn, handwritten statements. They weren't written immediately after the incident. They were written some weeks. That's the President's impression that I think counsel was hoping would carry the day. And you say they weren't. Two of them were written a day after the incident. And then there was one that was written a week after the incident. And then the other one was three weeks after the incident. So our argument was none of those exceptions apply. They were just classic hearsay statements. All of those witnesses testified. If you look at their testimony and compare them to those statements, they testified consistent with those statements. I mean, you can compare the trial testimony. So there's no— There was no prejudice because they matched. That's correct. I mean, if nothing else. That's correct. There's no prejudice at all because they were there to be cross-examined. To the extent that there are inconsistencies, she could attempt to impeach the witness. But that didn't happen. If you look at the testimony, they testified consistent. These were just eyewitnesses. These were firefighters at the scene. This happened during an active fire, this alleged assault. There were no physical injuries. It was a situation where safety of the firefighters was involved. So that's what—those statements would not be admissible. And it's not an abuse of discretion to—or it would be harmless error anyway because they all testified. The other evidentiary, I mean, whether the city represented these subpoenaed city workers at depositions was not relevant to the assault case. It had no relevance at all. And so the court admitted it and basically told counsel that. The character evidence, arguing that somebody is hot-headed and aggressive, that's classic character evidence, and it's not admissible. So there's no—so the evidentiary rulings, there's no relevance. As far as most of the brief, counsel focused on the sufficiency of the evidence. They filed no Rule 50 motions. So those are waived. That argument is waived. I'm still not sure I understand the first argument on failing to cite the statute, the section 1983. You can file a 1981 action against the city and a city employee. You just have to cite 1983. They didn't do that. The court basically said, you know, you have to cite 1983, but as separate and alternative grounds, you haven't alleged any adverse employment action. You haven't alleged any—sufficiently alleged any—Monell custom or policy of the city. So on its face, the amended complaint was defective. The fact that the court considered 1983—and the court went on to say that this was a civil rights action. Based on the allegations of the amended complaint, it was. And so because it was a civil rights action, the city—any negligence claim against the city was precluded. So that basically deals with their five arguments. We've gone further here, and it's something—we've asked for sanctions in this case for damages. Mr. Chambliss and I did not file this motion for damages lightly. There's not a colorable legal argument on this appeal under Federal Rule Appellate Procedure 38. Probably one of the allegations of witness tampering, unethical behavior, improper coaching of fact witnesses are outrageous. It's deeply offensive to both of us. It's unprofessional, and frankly, it's separately sanctionable. I clerked for this court. My judge that I clerked for, Bailey Brown, his portrait is in the corner staring me down. I've practiced law for 27 years. We practice law the right way, and it's not improper to— Bailey had a way of staring people down. He did. He did. But these witnesses—it's not improper for the city attorney to represent city employees at depositions. It's not improper to meet with witnesses. We didn't coach these witnesses. You can look at the testimony. These—we—their statements—their redline statements were subpoenaed at the deposition, so we gave them a copy of the redline statement and simply asked them what happened. And we also gave them a copy of a trial exhibit, the amended complaint. All the statements say that my client grabbed the firefighter doing an active fire operation and said, turn the gun down. The complaint that they filed said that he grabbed him and put his hands on his neck and threw him against the truck. I offered that paragraph from the complaint where they said that as a trial exhibit, and I asked each one of those witnesses, is that what happened? And they said no. They said no. And that was the truth. And to take that and judge folks—she moved for a temporary restraining order. It was ridiculous. We believe that this is a frivolous appeal. And as I said, I don't do that lightly. Any questions? Thank you. I just thought I'd rebuttal, Mr. Chambers. I wish that all our credentials were guaranteed that we would never do anything that violated the law or violated the principles of ethics. I've been practicing for over 20 years myself, so I have a standing record with the bar myself. So, I mean, if that's the standard to determine whether or not their conduct was unethical and bad behavior, then I guess we all probably share that. But what Mr. Chambers neglected to do is to tell the court is that he didn't just appear at the deposition. It wasn't just him appearing at the deposition. He summoned these individuals to City Hall where Mr. Rudolph was there waiting, where they allowed them—it's in the record. We took them to the deposition where they allowed them to read the red lines of other witnesses. What is wrong with that? What's unethical about that? Well, because they're prepping them for their testimony. They're prepping them to— Wouldn't you do that for your client and say, here's what you're going to face? If they were my client, Your Honor— It's different than coaching. Well, if they were my client, I would do that. But these were not—their own record is saying that they were not represented. Now, Mr. Chambers said the city represents all of these lawsuits. They don't, and I don't know how he could prove that. But I know for a fact that they don't represent city employees when they're going through divorces, when they're subpoenaed for car accidents. Of course not. It doesn't affect the city. That's a— Right. Well, it doesn't affect the city. The city had no interest at that point. They were out of the lawsuit, and there was no appeal filed. They were out of it. They had no interest in representing these witnesses other than to procure a favorable outcome for the private defendant left, Mark Forrest. There was aid in the private. And that was another thing we offered for a deposition, for a temporary restraint on it. If they were going to help Mark Forrest at that point, they could have helped the plaintiff because he was a private citizen and he was a firefighter as well. This is not a frivolous lawsuit, contrary to what they say. I think what their conduct was looking into, and I think that it was very egregious, it harmed the plaintiff's case because if you look at the red lines and you look at the testimony in the trial, you realize that they didn't tell the truth. They wavered. They added words like it was a brisk walk, or I don't remember why I titled my red line as hostile work environment. I can't remember when they had just went through deposition a week prior. Their testimony was so watered down, so wavered, the jury had no reason to believe anything they were saying one way or the other. So I take serious issue with what they say. I would make an all-out motion to sanction them because I think their conduct was so egregious. They interfered with the fair process of discovery. You might want to wind things up. You have lights on. Okay. We respectfully ask the court to reverse the district court's ruling, evidentiary rulings, and the dismissal of the city from the lawsuit because Rule 12b-6 was violated. Thank you very much. Case is submitted.